UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>       Plaintiff,<br><br>   v.<br><br>A&T LIQUOR INCORPORATE, et al.,<br><br>       Defendants. | 1:25-cv-00411-EPG (PC)<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

   Plaintiff, a state prisoner proceeding *pro se*, has filed a purported civil rights action.[1]

   The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

   Plaintiff's complaint is very difficult to read, both because parts of it are not legible and because many of his allegations are not understandable. For example, as best as the Court can decipher, one of his claims starts out a follows: "There are a critical claim to administrate a good

---

[1] Because this case is being transferred, the Court will not address Plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*.

1

hypothesis, appropriation to admonish a great restraint where well written to examine . . . ." (ECF No. 1, p. 5) (minor alterations).

Nevertheless, Plaintiff's allegations appear to concern events located in Los Angeles. (*Id.* at 1 – identifying city where violation occurred as Los Angeles). Moreover, there are additional references to entities or persons connected to Los Angeles throughout the complaint, *e.g.*, "Los Angeles Police Department," "Raquel Harper, Los Angeles Police Corp," "Los Angeles County Superior Court Judge Michael Pastor," and "County of Los Angeles Administration." (*Id.* at 2, 3, 5; ECF No. 1-1, p. 1) (minor alterations).

Importantly, it does not appear that there is any Defendant located in this District or that a substantial part of the events or omissions giving rise to the claims occurred here.

Therefore, as it appears that the allegations arise in Los Angeles County, Plaintiff's complaint should have been filed in the United States District Court for the Central District of California.[2] In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a).

Accordingly, IT IS ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **April 10, 2025**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] While the Court need not weigh in on this issue, it notes that there is a party named "Brandon Favor" who has a vexatious litigant order entered against him in the Central District of California. *Favor v. Harper*, CV 2:17-00165-JGB (ECF No. 8).

2